UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PASCUAL HERNANDEZ, ET AL.                    CIVIL ACTION

VERSUS                                        NO. 17-792-BAJ-EWD

WESTERN CONCRETE PUMPING, INC., ET AL.

## RULING AND ORDER ON UNOPPOSED MOTION TO INTERVENE

Before the Court is an Unopposed Motion to Intervene, filed by Sarah Seruntine ("Serutine"), as tutrix for and on behalf of her minor children, KDH, ELH, JCH and JaH,[1] seeking to intervene in this suit pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure.[2] Seruntine asserts that prior to filing the Motion, she "obtained from counsel for Pascual Hernandez ("Hernandez") and counsel for Western Concrete Pumping, Inc. ("Western") consent for the relief she requests in this motion."[3] Thus, the Motion to Intervene is unopposed.

For the reasons set forth herein, the Motion to Intervene is **GRANTED.**[4]

### I. Background

On October 3, 2017, Hernandez and Seruntine, on behalf of their minor children, KH, EH and JH,[5] filed a Complaint in this Court against Western and Concord International, Ltd.

---

[1] R. Doc. 13.
[2] *Id.* at Introductory Paragraph.
[3] *Id.* at ¶ VI. Although the original complaint was filed against Western and Concord International, Ltd., Hernandez filed an Amended Complaint on October 16, 2017 naming only Western as a defendant. *See*, R. Doc. 7.
[4] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, Civ. A. No. 2:12CV-0885-PM-KK, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, Civ. A. No. 3:04CV1803L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also, Stephens v. State Farm and Cas. Co.*, Civ. A. No. 07-2433, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").
[5] According to the original Complaint, Seruntine is the biological mother of the minor children and Hernandez is the biological father of the three minor children. R. Doc. 1 at ¶ 4. The Complaint also asserts that, "Ms. Seruntine is the legal tutor of [the minor children] and joins this matter on behalf of [the minor children], all of whom are minors." *Id*.

("Concord").⁶ The original Complaint alleges that on or about September 8, 2017, Hernandez was injured as a result of the collapse of a concrete pumping truck manufactured by Concord and operated by Cyril Shelmire ("Shelmire") on behalf of Western.⁷ Specifically, according to the allegations in the original Complaint, Hernandez suffered injuries to his legs, back, shoulder, ribs and other areas of his body, as well as pain and suffering, loss of enjoyment of life, mental anguish and emotional distress, loss of earning capacity and lost wages as a result of the negligence of Shelmire and Western⁸ and due to a design defect in the concrete pumping truck manufactured by Concord.⁹ The original Complaint further alleges that the minor children have "lost the enjoyment of life with their father" as a result of Concord's design defect and the negligence of Shelmire and Western.¹⁰

On October 16, 2017, Hernandez filed an Amended Complaint, naming only himself as a plaintiff and naming Western as the sole defendant.¹¹ The Amended Complaint contains the same underlying factual allegations as the Complaint, but further asserts that as a result of the negligence of Shelmire and Western, the concrete pumping truck operated by Shelmire on behalf of Western collapsed, "striking plaintiff Hernandez and one of his co-workers. The plaintiff's co-worker was killed by the impact. Plaintiff Hernandez survived, but suffered devastating injuries."¹² Hernandez alleges that as a result of the accident, he suffered "multiple traumatic bodily injuries," including: (1) a complex splenic laceration; (2) multiple fractured ribs; (3) multiple lumbar fractures; (4) fractured fibula; (5) a fractured medial malleolus of the right tibia; (6) a

---

⁶ R. Doc. 1.
⁷ R. Doc. 1 at ¶¶ 6, 33, 59, 60, 63.
⁸ R. Doc. 1 at ¶ 60.
⁹ *Id*. at ¶ 65
¹⁰ *Id* at ¶¶ 60 and 65.
¹¹ R. Doc. 7.
¹² *Id*. at ¶ 60.

hemopneumothorax; and (7) a broken left scapula.[13] Hernandez asserts that he spent nearly a week in the Surgical Intensive Care Unit at Our Lady of the Lake Hospital, followed by "approximately three weeks of in-patient therapy at the Neuromedical Center."[14] Hernandez also seeks damages for the following: (1) past and future lost earnings and earning capacity; (2) past, present and future physical pain and suffering; (3) past, present and future mental anguish and emotional suffering; (4) past, present and future inconvenience, loss of intellectual gratification and/or physical enjoyment; (5) loss of enjoyment of life; and (6) such other damages that may be shown at trial.[15]

On December 13, 2017, Seruntine, as tutrix for and on behalf of her minor children, KDH, ELJ, JCH and JaH,[16] filed the instant Motion to Intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).[17] Seruntine asserts that the Amended Complaint seeks "only those damages that Hernandez himself suffered," that Hernandez is the biological father of the four minor children and that, "Under Louisiana law, these minor children have their own claims against Western for damages they suffered as a result of the injuries to their father."[18] Seruntine contends that the claims of the minor children share common questions of law and fact as Hernandez's claim because the claims arise out of the same underlying event. Seruntine further asserts that she is the biological mother of the four minor children and that she was appointed the tutrix of the minor children on December 7, 2017 in a case entitled *In Re: Tutorship of KDH, ELH, JCH, and JaH*, Case No. 18260 in the Twenty-Third Judicial District Court for the Parish of Ascension, Louisiana.[19] Seruntine also asserts that the clerk of court issued Letters of Tutorship to her on December 12, 2017.[20]

---

[13] *Id.* at ¶ 61.
[14] *Id.*
[15] *Id.* at ¶ 62.
[16] JaH was not named as a plaintiff in the original Complaint.
[17] R. Doc. 13.
[18] R. Doc. 13 at ¶ II (*citing* La. Civ. Code arts. 2315 and 2315.2).
[19] R. Doc. 13 at ¶ IV.
[20] *Id.*

## II. Law and Analysis

Seruntine, as tutrix for and on behalf of her minor children, KDH, ELH, JCH and JaH, seeks to intervene in this suit under Fed. R. Civ. P. 24(b)(1)(B).[21] That section provides that on "timely motion" the court may permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Seruntine does not assert that a federal statute grants the minor children an unconditional right to intervene. Instead, she asserts that the claims of the minor children share common questions of law and fact with the claims asserted by Hernandez.

### A. Timelines of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977) (citations omitted). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263 (quotation omitted). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual

---

[21] R. Doc. 13 at Introductory Paragraph.

circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth*, 558 F.2d at 264-66).

Here, the original Complaint filed on October 3, 2017[22] initially included the claims of at least some of the minor children. The Amended Complaint, naming only Hernandez as a plaintiff, was filed on October 16, 2017.[23] Seruntine, as tutrix for and on behalf of her minor children, KDH, ELJ, JCH and JaH, sought to intervene in this matter approximately two months later on December 13, 2017.[24] No party has asserted that the Motion to Intervene is untimely. Most importantly, this suit is still in its early stages. A Scheduling Order was issued on December 27, 2017, but discovery in this matter does not conclude until August 31, 2018—eight months from now.[25] Further, this matter is not set for a jury trial until June 3, 2019.[26] Accordingly, the Motion to Intervene is timely.

**A. Permissive Intervention**

Permissive intervention is provided for by Fed. R. Civ. P. 24(b) when, on timely motion, the movant seeks intervention based on a "conditional right to intervene" granted by statute or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A) & (B). In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Seruntine, as tutrix for and on behalf of her minor children, KDH, ELJ, JCH and JaH, asserts that the minor children should be allowed to intervene under Rule 24(b). Seruntine alleges that, "Because the minor children's claims and Hernandez's claims arise out of the same event, the

---

[22] R. Doc. 1.
[23] R. Doc. 7.
[24] R. Doc. 13.
[25] R. Doc. 14 at p. 1.
[26] *Id*. at p. 2.

5

minor children's claims share with the main action common questions of law and fact."[27] In the Amended Complaint, Hernandez seeks to recover damages for the injuries he sustained when a concrete pumping truck collapsed and struck him on September 8, 2017, which Hernandez claims was due to the alleged negligence of Western and its employee, Cyril Shelmire.[28] According to the proposed Complaint (in Intervention), Seruntine, as tutrix for and on behalf of her minor children, KDH, ELJ, JCH and JaH, seeks to intervene in this case to recover the damages that the minor children incurred as a result of the injuries Hernandez suffered due to the alleged negligence of Shelmire and Western.[29] The Court finds that the claims of the minor children have common questions of law and fact with the main action because they, like Hernandez, allege that Western is vicariously liable for the negligent acts of its employee, Shelmire, and that Western is liable for its own negligence that caused or contributed to the collapse of the concrete pumping truck.[30]

### III.     Conclusion

For the reasons set forth herein, the Unopposed Motion to Intervene[31] filed by Sarah Seruntine, as tutrix for and on behalf of her minor children, KDH, ELJ, JCH and JaH, is **GRANTED.**

Accordingly,

**IT IS HEREBY ORDERED** that the Complaint (in Intervention) filed by Sarah Seruntine, as tutrix for and on behalf of her minor children, KDH, ELJ, JCH and JaH,[32] shall be filed into the record in this matter.

**IT IS FURTHER ODERED** that Sarah Seruntine, as tutrix for and on behalf of her minor children,

---

[27] R. Doc. 13 at ¶ III.
[28] *See*, R. Doc. 7 at ¶¶ 35-62.
[29] *See*, R. Doc. 13-1.
[30] *Id*. at ¶¶ 18-21. *See*, R. Doc. 7 at ¶¶ 36 and 56.
[31] R. Doc. 13.
[32] R. Doc. 13-1.

KDH, ELJ, JCH and JaH, shall provide initial disclosures to all parties within fourteen (14) days of the date of this Order.

Signed in Baton Rouge, Louisiana, on January 2, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**