UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| PASCUAL HERNANDEZ, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-792-BAJ-EWD |
| WESTERN CONCRETE PUMPING, INC., ET AL. | |

## ORDER

Before the Court is an Unopposed Motion for Leave to Intervene, filed by Louisiana Workers' Compensation Corporation ("LWCC").[1] On October 3, 2017, Pascual Hernandez and Sarah Seruntine, on behalf of their minor children, KH, EH and JH,[2] filed a Complaint in this Court against Western Concrete Pumping, Inc. ("Western") and Concord International, Ltd. ("Concord").[3] The Complaint alleges that on or about September 8, 2017, Hernandez was injured as a result of the collapse of a concrete pumping truck manufactured by Concord and operated by Cyril Shelmire ("Shelmire") on behalf of Western.[4] Plaintiffs seek damages for the injuries allegedly incurred by Hernandez, asserting that this Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.[5]

The proposed Complaint in Intervention of Louisiana Workers' Compensation Corporation, contains the following allegations regarding the citizenship of the parties:

> **NOW INTO COURT**, through undersigned counsel, comes Louisiana Workers' Compensation Corporation (LWCC), a

---

[1] R. Doc. 19.
[2] According to the original Complaint, Seruntine is the biological mother and Hernandez is the biological father of the three minor children. R. Doc. 1 at ¶ 4. The Complaint also asserts that, "Ms. Seruntine is the legal tutor of [the minor children] and joins this matter on behalf of [the minor children], all of whom are minors." *Id*.
[3] R. Doc. 1. On October 16, Hernandez filed an Amended Complaint naming only himself as a plaintiff and naming Western as the sole defendant. *See*, R. Doc. 7.
[4] R. Doc. 1 at ¶¶ 6, 33, 59, 60, 63.
[5] R. Doc. 1 at ¶ 2.

> Louisiana corporation authorized to do and doing business in the State of Louisiana, appearing as Intervenor in the above entitled and captioned cause . . . .[6]

Proper information regarding citizenship of all parties is necessary to determine whether LWCC's intervention will destroy the Court's subject matter jurisdiction under 28 U.S.C. § 1332. In the proposed Complaint of Intervention, citizenship has not been adequately alleged. As an initial matter, the proposed Complaint of Intervention contains no allegations regarding the citizenship of the existing parties to this litigation, including Pascual Hernandez, Sarah Seruntine, as tutrix for and on behalf of the minor children, KDH, ELH, JCH and JaH,[7] and Western Concrete Pumping, Inc.[8] Additionally, the proposed Complaint of Intervention fails to properly allege the citizenship of LWCC, alleging only that LWCC is "a Louisiana corporation authorized to do and doing business in the State of Louisiana."[9] The Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

Accordingly,

**IT IS HEREBY ORDERED** that LWCC shall have seven (7) days from the date of this Order to file a Motion to Substitute the proposed Complaint in Intervention of Louisiana Workers'

---

[6] R. Doc. 19-2 at Introductory Paragraph.
[7] On January 2, 2018, the undersigned issued a Ruling and Order granting the Unopposed Motion to Intervene filed by Sarah Seruntine, as tutrix for and on behalf of her minor children, KDH, ELH, JCH and JaH. R. Doc. 16; *See*, R. Doc. 13.
[8] *See, supra*, footnote 3.
[9] R. Doc. 19-2 at Introductory Paragraph.

Compensation Corporation[10] with a proposed pleading that is a comprehensive complaint of intervention that includes all of LWCC's numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint of intervention in this matter. LWCC shall also specify whether it is seeking leave to intervene as a plaintiff or a defendant in this matter and whether intervention is sought pursuant to Fed. R. Civ. P. 24(a) or (b).

Signed in Baton Rouge, Louisiana, on February 2, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 19-2.